# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JAYCEE DOAK, )<br>)<br>    Defendant. ) | Criminal Action No. 18-00242-KD-B-2 |

## ORDER

This matter is before the Court on Defendant Jaycee Doak's Motion for Judgment of Acquittal, or, in the alternative, Motion for a New Trial. (Doc. 180).[1] The jury convicted Jaycee Doak of six counts of aiding and abetting in the charge of transportation of a minor with intent that the minor engage in any sexual activity for which any person can be charged with a criminal offense, pursuant to 18 U.S.C. § 2423(a), (e). The question Jaycee Doak's motion presents is whether a reasonable jury could have convicted her. The answer to that question turns on whether, viewing the evidence in the light most favorable to the Government, a reasonable jury could have concluded she "intend[ed] to facilitate that offense's commission," Rosemond v. United States, 572 U.S. 65, 76 (2014), i.e., that she "participate[d] in it as in something that [s]he wishe[d] to bring about" and "s[ought] by h[er] action[s] to make it succeed." Id. (quoting Nye & Nissen v. United States, 336 U.S. 613, 619 (1949)). Upon consideration, the Government is **ORDERED** to supplement its response as set forth below.

### I.    ARGUMENTS

Jaycee Doak argues the evidence submitted was insufficient to convict her primarily because the Government failed to provide evidence that Jaycee Doak "wished, sought success,

---

[1] The supplemented motion followed Jaycee Doak's original motions. (Docs. 170 & 171).

[and] chose[] with full knowledge[] to participate in [Mack Doak]'s illegal venture." (Doc. 180 at 6 (citing Rosemond, 572 U.S. at 689–70). She specifically argues that the Government failed to present evidence that she possessed intent at the time of travel that the minors engage in criminal sexual activity. In addition, for the first time, she challenges the Court's jury instructions regarding the proof necessary to convict her of aiding and abetting. She takes issue with the Court's failure to instruct the jury that to convict Jaycee Doak the jury had to find evidence of her "advance knowledge."

The Government argues that it presented sufficient evidence of Jaycee Doak's guilt because it introduced evidence that she assisted in the transportation of the children and because she did it "knowing that there was ongoing sexual abuse." (Doc. 184 at 10). Further, the Government argues that Jaycee Doak's aiding and abetting liability is supported by the evidence that she attempted to conceal the abuse.

## II. STANDARD OF REVIEW

Rule 29 of the Federal Rules of Criminal Procedure provides that "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29(a).[2] The Rule also provides that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." FED. R. CRIM. P. 29(c)(1).

"A motion for judgment of acquittal is a direct challenge to the sufficiency of the evidence presented against the defendant." United States v. Aibejeris, 28 F.3d 97, 98 (11th Cir. 1994). In

---

[2] If a court reserves its decision, "it must decide the motion on the basis of the evidence at the time the ruling was reserved." FED. R. CRIM. P. 29(b).

deciding such a motion, "district courts should apply the same standard as that used for reviewing a conviction for sufficiency of the evidence. The Court must view the evidence in the light most favorable to the government and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." United States v. Sellers, 871 F.2d 1019, 1021 (11th Cir. 1989) (internal citations omitted); see also United States v. Browne, 505 F.3d 1229, 1253 (11th Cir. 2007) ("In reviewing a sufficiency of the evidence challenge, we consider the evidence in the light most favorable to the Government, drawing all reasonable inferences and credibility choices in the Government's favor."). To sustain a conviction, the evidence need not "exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." United States v. Garcia, 447 F.3d 1327, 1334 (11th Cir. 2006) (internal quotations and citation omitted). "The jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial, and the court must accept all reasonable inferences and credibility determinations made by the jury." Sellers, 871 F.2d at 1021 (internal citations omitted).

Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). "Thus, there are two grounds upon which a court may grant a motion for new trial: one based on newly discovered evidence . . . ; and the other based on any other reason, typically the interest of justice . . . ." United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006). The decision whether to grant or deny a motion for new trial rests in the sound discretion of the trial court. United States v. Champion, 813 F.2d 1154, 1170 (11th Cir. 1987).

### III. DISCUSSION

#### a. Jury Instruction

The Court begins with the challenge to the aiding and abetting jury instructions.³ The Court is unpersuaded that the advance knowledge requirement set forth in Rosemond, a case involving 18 U.S.C. § 924(c), applies with equal force to the offense with which Jaycee Doak was charged. This is because the Supreme Court in Rosemond specifically addressed a statute of a "compound nature." United States v. Seabrooks, 839 F.3d 1326, 1334 (11th Cir. 2016). The Supreme Court held that for an aider and abettor to be criminally liable under that statute, "the § 924(c) defendant's knowledge of a firearm must be advance knowledge—or otherwise said, knowledge that enables him to make the relevant legal (and indeed, moral) choice." Rosemond, 572 U.S. at 78. He must have advance knowledge that a firearm would be used or carried.

Unlike § 924(c), which, in part, requires participation in an underlying drug crime *and* using or carrying a firearm during that crime, Seabrooks, 839 F.3d at 1334 (citing § 924(c)), 18 U.S.C. § 2423(a) does not share the compound characteristics. In addition, the Eleventh Circuit has held that the Supreme Court in Rosemond "did not hold that its ruling applied beyond aiding or abetting § 924(c) offenses." United States v. Persaud, 605 F. App'x 791, 801 (11th Cir. 2015).⁴ Moreover, "Rosemond did not purport to change the law of aiding and abetting generally, only to clarify its application to a § 924(c) firearm offense. Since [the defendant's] case does not involve

---

³ Jaycee Doak failed to object to the jury instructions, both before and after the jurors were charged. See FED. R. CRIM. P. 30(d) ("A party who objects to any portion of the instructions or to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate.").
⁴ The Court recognizes that "although an unpublished opinion may be cited as persuasive authority, 11th Cir. R. 36–2, it is not binding authority." Twin City Fire Ins. Co. v. Ohio Cas. Ins. Co., 480 F.3d 1254, 1260 n.3 (11th Cir. 2007).

a conviction under § 924(c), Rosemond has no direct application here." United States v. Aplesa, 690 F. App'x 630, 634 (11th Cir.), cert. denied, 138 S. Ct. 524 (2017).[5]

### b. Sufficiency of the Evidence

The Court now turns to whether sufficient evidence existed to convict Jaycee Doak of aiding and abetting Mack Doak in Counts 1–6. 18 U.S.C. § 2423(a) proscribes the following:

> **(a)** Transportation with intent to engage in criminal sexual activity.—A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce . . ., with intent that the individual engage in . . . any sexual activity for which any person can be charged with a criminal offense . . . .

The Eleventh Circuit pattern instructions related to this offense instruct the jury that to convict a defendant under this statute, it must find each of the following facts proven beyond a reasonable doubt:

> (1) the Defendant knowingly transported the person named in indictment in interstate or foreign commerce;
>
> (2) at the time of the transportation, the person named in indictment was less than 18 years old; and
>
> (3) at the time of the transportation, Defendant intended that the person named in indictment would engage in unlawful sexual activity.

Eleventh Circuit Pattern Jury Instruction 093.1.

The statue does not require the Government prove a sexual activity ultimately occurred, just that the defendant "formed the intent to engage in sexual activity with a minor when he crossed state lines." United States v. Knight, 381 F. App'x 942, 945 (11th Cir. 2010) (quoting United States v. Hersh, 297 F.3d 1233, 1245–46 (11th Cir. 2002)). The intent to engage in sexual activity for

---

[5] The instructions in this case make clear that to find a defendant guilty of aiding and abetting, the defendant must "intentionally join[]" and "intentionally associate[] with . . . the crime . . . ." (Final Instructions at 11),

which any person can be charged with a criminal offense need not be a significant motivating purpose for the travel, just one of the motives or purposes for the transportation. United States v. Hoschouer, 224 F. App'x 923, 926 (11th Cir. 2007).

18 U.S.C. § 2 provides that "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." To be convicted under an aiding and abetting theory, "the [g]overnment must prove: (1) the substantive offense was committed by someone; (2) the defendant committed an act which contributed to and furthered the offense; and (3) the defendant intended to aid in its commission." Seabrooks, 839 F.3d at 1333 (quoting United States v. Camacho, 233 F.3d 1308, 1317 (11th Cir. 2000)). Another formulation sets forth a two-element analysis: "a person is liable under § 2 for aiding and abetting a crime if (and only if) he (1) takes an affirmative act in furtherance of that offense, (2) with the intent of facilitating the offense's commission." United States v. Sosa, 777 F.3d 1279, 1292 (11th Cir. 2015) (quoting Rosemond, 572 U.S. at 71).

The aiding and abetting issue this motion raises is whether Jaycee Doak intended to aid in the commission of the underlying offense. Viewed in the light most favorable to the Government, the evidence established that Jaycee Doak contributed to and furthered the offense by transporting the children in interstate commerce. Specifically, Jaycee Doak drove the children in the van, flew on a plane to and from Cambodia with "Brenda,"[6] and assisted the children in traveling. These actions furthered and contributed to the § 2423(a) offense because they helped transport the minors.

---

[6] "Brenda," and, later, "Natalie" are pseudonyms used to protect their identities.

The much harder question is whether the Government supplied sufficient evidence to allow a reasonable jury to conclude that Jaycee Doak intended to aid in the crime's commission. In contrast to the affirmative act requirement, the intent element applies to the entire offense's commission. See Rosemond, 572 U.S. at 76 (stating that the "intent must go to the specific and entire crime charged").[7] Therefore, while Jaycee Doak might need to have affirmatively acted only to transport the minors, she must have done so with "the criminal intent that the undertaking be successfully completed." Aplesa, 690 F. App'x at 634 (quoting United States v. Jaramillo, 42 F.3d 920, 923 (5th Cir. 1995)).

Mere knowledge of Mack Doak's intent and acting in some manner to advance the charged crime does not make Jaycee Doak guilty of aiding and abetting the charged crime. Aiding and abetting requires not only knowledge of the principal's objective (i.e., Mack's intent to sexually abuse the minors), but also a desire to help him obtain the criminal object. Nye & Nissen v. United States, 336 U.S. 613, 619 (1949) (quoting United States v. Peoni, 100 F.2d 401, 402 (2d Cir. 1938) (L. Hand, J.)) ("In order to aid and abet another to commit a crime it is necessary that a defendant 'in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed.'"); see also Jaramillo,

---

[7] Although the Government acknowledges this important point, see Doc. 184 at 8 ("the aiding and abetting defendant must possess intent to commit the . . . entire crime"), it subsequently suggests that the intent need only extend to "the transportation of the minors, not . . . the sexual abuse." (Doc. 184 at 9); see also Doc. 184 at 16 ("Jaycee Doak can thus be guilty of aiding and abetting the commission of a §2423(a) offense as long as she intended to facilitate her co-defendant's transportation of the minors."). However, the offense here is not simply transporting the minors; it is transporting the minors with the intent that they engage in a sexual activity for which any person can be charged with a criminal offense.

The Supreme Court has explicitly rejected the partial intent avenue. See Rosemond, 572 U.S. at 76 ("An intent to advance some different or lesser offense is not, or at least not usually, sufficient: Instead, the intent must go to the specific and entire crime charged . . . .").

7

42 F.3d at 923, abrogated by United States v. Vargas-Ocampo, 747 F.3d 299 (5th Cir. 2014) ("To associate with the criminal venture means that the defendant shared in the criminal intent of the principal."); U.S. v. Broadwell, 870 F.2d 594, 608 (11th Cir. 1989) ("Under an aiding and abetting theory, the government must prove that the defendant in some way associated himself with the criminal venture, that he wished to bring it about, and that he sought by his actions to make it succeed."); United States v. Fischel, 686 F.2d 1082, 1087 (5th Cir. 1982) ("[T]he defendant must share in the intent to commit the offense . . . ."); United States v. Martinez, 555 F.2d 1269, 1272 (5th Cir. 1977) ("In order to sustain a conviction for aiding and abetting, the evidence must show that defendant was associated with the criminal venture, participated in it as in something he wished to bring about, and sought by his action to make it succeed. … Defendant must have shared the criminal intent or purpose and assisted in the accomplishment of that purpose.");[8] Russell v. United States, 222 F.2d 197, 199 (5th Cir. 1955) ("There must exist a community of unlawful intent between the accessory and the perpetrator of the crime.").

What this means is Jaycee Doak must have aided in her husband's transportation of the minors with the shared intent that he would sexually abuse them. And while Jaycee Doak need not have happily joined Mack Doak's intent,[9] Rosemond, 572 U.S. at 79–80 ("The law does not, nor should it, care whether [an aider and abettor] participates with a happy heart or a sense of foreboding."), she still must have aided the transportation with the shared intent that the minors would be sexually abused. Moreover, "for purposes of aiding and abetting law, a person who actively participates in a criminal scheme knowing its extent and character intends that scheme's

---

[8] Decisions the former Fifth Circuit decided before October 1, 1981 are binding on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).
[9] Indeed there was evidence that, on previous occasions when Mack Doak's sexual activities with other minors came to light, Jaycee Doak was upset by the news.

8

commission." Rosemond, 572 U.S at 77. It is not sufficient that she actively participated in aiding her husband's transportation of the minors just knowing (and not caring) that sexual abuse was likely to happen again. Aid rendered that is incidental, no matter how substantial in furthering the crime, is not sufficient alone to show intent. In Rosemond, the Supreme Court gave an example of incidental aid that was insufficient to show a shared intent: "A hypothetical case is the owner of a gun store who sells a firearm to a criminal, knowing but not caring how the gun will be used." Rosemond, 572 U.S. at 77 n.8. In the hypothetical the individual both had knowledge and a lack of concern of how the gun would be used, but without more,[10] this would not constitute active participation making the individual guilty of aiding and abetting.

The Court recognizes "[e]vidence supporting a defendant's conviction under an aiding and abetting theory may be direct or circumstantial[,]" United States v. Sosa, 777 F.3d 1279, 1293 (11th Cir. 2015), and that "[a] defendant's intent is often difficult to prove and often must be inferred from circumstantial evidence." United States v. Manoocher Nosrati-Shamloo, 255 F.3d 1290, 1292 (11th Cir. 2001) (citing United States v. Ethridge, 948 F.2d 1215, 1217 (11th Cir. 1991); Hill v. Kemp, 833 F.2d 927, 930 (11th Cir. 1987)). But there still must exist sufficient evidence of Jaycee Doak's shared intent to support the jury's verdict that she aided and abetted Mack Doak in the charged crime.

The Government proceeds under the theory that Jaycee Doak's "intent to aid in th[e] scheme's commission is borne out by her actions." (Doc. 184 at 12). Specifically, it argues that she knew when the family moved, Mack Doak would continue to sexually abuse the minors; that

---

[10] The Supreme Court provided no guidance as to what additional evidence would be required to establish liability as an aider and abettor: "We express no view about what sort of facts, if any, would suffice to show that such a third party has the intent necessary to be convicted of aiding and abetting." Rosemond, 572 U.S. at 77 n.8.

9

she knew he had a history of sexually abusing teenage girls; and that she nevertheless threatened the victims and physically abused them "so as to keep the abuse secret." (Doc. 184 at 12).

The Government further argues that the "transportation is the crux of the offense," (Doc. 184 at 9), and that the analysis should be whether Jaycee Doak "intended the transportation of the minors, not whether she facilitated and intended the sexual abuse." (Id.). The Government is mistaken. The mens rea of this crime—under the facts in this case—is the intent to sexually abuse the minors. It is this mens rea that Jaycee Doak must share in order to be guilty of aiding and abetting.

The evidence presented in this case established Jaycee Doak knew of Mack Doak's sexual abuse. Brenda and the other victims testified that they told Jaycee Doak about the sexual abuse. Additional testimony established that Jaycee Doak had discovered a pair of Brenda's "wet undies" in 2013 and discussed her suspicions about Mack Doak's sexual contact with Brenda with her sister-in-law. The Government also offered evidence—from adult witnesses who were minors at the time of the incidents—that Mack Doak sexually assaulted them. This testimony was introduced from a witness who rode Mack Doak's bus when she was a teenager and also from Jaycee Doak's sister, "Natalie." Their testimony established Jaycee Doak's knowledge of Mack Doak's proclivity to sexually abuse young women and bolstered the veracity of the testimony of the minors in this case.

The Court agrees that the evidence was sufficient for a reasonable jury to find that Jaycee Doak was aware of Mack Doak's prior sexual abuse of minors. Also, the evidence in the light most favorable to the Government indicates that Jaycee Doak aided in the concealment of Mack Doak's abuse by abusing the minors when they tried to tell her of the abuse. Jaycee Doak's calloused

response to the minors' reports of abuse fostered an environment for Mack Doak to continue abusing the minors.

But the remaining question is whether there was sufficient evidence to support the Government's burden to show that Jaycee Doak shared in Mack Doak's criminal intent, i.e., that one of the purposes of the interstate and international transportation of the minors was to facilitate criminal sexual activity between himself and the minors.

The facts of the cases relied on by the Government to support Jaycee Doak's conviction markedly differ from these facts because those involve scenarios in which there was evidence that the aider and abettor shared in the criminal intent. For instance, in Bonty, a case involving § 2423(a), the aider and abettor "accompanied [the principal] to the mall, participated in the cruising and pot smoking [with the victims], threatened the [victims] to get them to remain in the house, turned up the stereo to cover the sounds of the assault, and celebrated with [the principal] after the fact." United States v. Bonty, 383 F.3d 575, 579 (7th Cir. 2004). In Black v. Perry, No. 5:14CV92-RLV, 2015 WL 3822902 (W.D.N.C. June 19, 2015), a habeas case that did not concern § 2423(a), the aiding and abetting "[d]efendant shaved [the victim]'s pubic hair until sometime after she turned 14 years old. … Additionally, [the d]efendant gave [the victim] a purple vibrator to use to masturbate . . . ." Id. at *1. In both cases, evidence showed that the aider and abettor shared the criminal intent of sexually abusing the minor(s).

## IV. CONCLUSION

The Government is **ORDERED** to supplement its response, on or before August 7, 2019, to address the concerns raised by this Order. The Government should include a comprehensive recitation of the evidence that supports the jury's finding that Jaycee Doak shared Mack Doak's criminal intent.

**DONE** the 26th day of July 2019.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**