IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 18-00242-KD-B-2 |
| ) | |
| JAYCEE DOAK, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on Defendant Jaycee Doak's Motion for Judgment of Acquittal, or, in the alternative, Motion for a New Trial. (Docs. 170, 171,180).

The jury convicted Jaycee Doak of six counts of aiding and abetting in the charge of transportation of a minor with intent that the minor engage in any sexual activity for which any person can be charged with a criminal offense, pursuant to 18 U.S.C. § 2423(a), (e). The question Jaycee Doak's motion presents is whether, viewing the evidence in the light most favorable to the Government, a reasonable jury could have concluded she "intend[ed] to facilitate that offense's commission," Rosemond v. United States, 572 U.S. 65, 76 (2014), i.e., that she "participate[d] in it as in something that [s]he wishe[d] to bring about" and "s[ought] by h[er] action[s] to make it succeed." Id. (quoting Nye & Nissen v. United States, 336 U.S. 613, 619 (1949)).

I. **MOTION FOR NEW TRIAL** (Doc. 171)

Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). "Thus, there are two grounds upon which a court may grant a motion for new trial: one based on newly discovered evidence . . . ; and the other

based on any other reason, typically the interest of justice . . . ." United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006). The decision whether to grant or deny a motion for new trial rests in the sound discretion of the trial court. United States v. Champion, 813 F.2d 1154, 1170 (11th Cir. 1987).

Jaycee Doak filed a one sentence motion for new trial in which she summarily states that trial with Mack Doak "may have prevented her from having a fair trial." Jaycee was ordered to supplement her motion but failed to do so with any facts, citations or authority in support. The court does not find that the interest of justice or any other reason supports a new trial. Accordingly, the motion is **DENIED**.[1]

## II. MOTION FOR JUDGMENT OF ACQUITTAL (Doc. 170 and 180)

Rule 29 of the Federal Rules of Criminal Procedure provides that "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29(a).[2] The Rule also provides that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." FED. R. CRIM. P. 29(c)(1).

"A motion for judgment of acquittal is a direct challenge to the sufficiency of the evidence presented against the defendant." United States v. Aibejeris, 28 F.3d 97, 98 (11th Cir. 1994). In

---

[1] The court previously found that Jaycee Doak's challenge to the court's jury charge was without merit. (doc. 189, p. 4). Accordingly, to the extent that the motion for new trial is based on the challenged jury charge, it is DENIED.

[2] If a court reserves its decision, "it must decide the motion on the basis of the evidence at the time the ruling was reserved." FED. R. CRIM. P. 29(b).

deciding such a motion, "district courts should apply the same standard as that used for reviewing a conviction for sufficiency of the evidence. The Court must view the evidence in the light most favorable to the government and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." United States v. Sellers, 871 F.2d 1019, 1021 (11th Cir. 1989) (internal citations omitted); see also United States v. Browne, 505 F.3d 1229, 1253 (11th Cir. 2007) ("In reviewing a sufficiency of the evidence challenge, we consider the evidence in the light most favorable to the Government, drawing all reasonable inferences and credibility choices in the Government's favor."). To sustain a conviction, the evidence need not "exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." United States v. Garcia, 447 F.3d 1327, 1334 (11th Cir. 2006) (internal quotations and citation omitted). "The jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial, and the court must accept all reasonable inferences and credibility determinations made by the jury." Sellers, 871 F.2d at 1021 (internal citations omitted).

Jaycee Doak argues the evidence submitted was insufficient to convict her primarily because the Government failed to provide evidence that Jaycee Doak "wished, sought success, [and] chose[] with full knowledge[] to participate in [Mack Doak]'s illegal venture." (Doc. 180 at 6 (citing Rosemond, 572 U.S. at 689–70). She specifically argues that the Government failed to present evidence that she possessed intent at the time of travel that the minors engage in criminal sexual activity.

The Government argues that "Jaycee Doak's continual presence at each move, her transportation of the minors, her knowledge of Mack Doak's sexual abuse, and her acts of

concealment, readily sufficed to enable the jury to infer" she shared Mack Doak's criminal intent. (Doc. 211 at 17)

The issue is whether there was sufficient evidence to support a conviction of Jaycee Doak for aiding and abetting Mack Doak's violation of 18 U.S.C. § 2423(a). This provision proscribes the following:

> **(a)** Transportation with intent to engage in criminal sexual activity.—A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce . . ., with intent that the individual engage in . . . any sexual activity for which any person can be charged with a criminal offense . . . .

The statue does not require the Government prove a sexual activity ultimately occurred, just that the defendant "formed the intent to engage in sexual activity with a minor when he crossed state lines." United States v. Knight, 381 F. App'x 942, 945 (11th Cir. 2010) (quoting United States v. Hersh, 297 F.3d 1233, 1245–46 (11th Cir. 2002)). The intent to engage in sexual activity for which any person can be charged with a criminal offense need not be a significant motivating purpose for the travel, just one of the motives or purposes for the transportation. United States v. Hoschouer, 224 F. App'x 923, 926 (11th Cir. 2007).

18 U.S.C. § 2 provides that "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." To be convicted under an aiding and abetting theory, "the [g]overnment must prove: (1) the substantive offense was committed by someone; (2) the defendant committed an act which contributed to and furthered the offense; and (3) the defendant intended to aid in its commission." Seabrooks, 839 F.3d at 1333 (quoting United States v. Camacho, 233 F.3d 1308, 1317 (11th Cir. 2000)). Another formulation sets forth a two-element analysis: "a person is liable under § 2 for aiding and abetting a crime if (and only if) he (1) takes an affirmative act in furtherance of that

offense, (2) with the intent of facilitating the offense's commission." United States v. Sosa, 777 F.3d 1279, 1292 (11th Cir. 2015) (quoting Rosemond, 572 U.S. at 71).

Viewed in the light most favorable to the Government, the evidence established that Jaycee Doak contributed to and furthered the offense by transporting the children in interstate commerce. Specifically, Jaycee Doak drove the children in the van, flew on a plane to and from Cambodia with "Brenda,"[3] and assisted the children in traveling. These actions furthered and contributed to the § 2423(a) offense because they helped transport the minors.

The much harder question is whether the Government supplied sufficient evidence to allow a reasonable jury to conclude that Jaycee Doak intended to aid in the crime's commission. In contrast to the affirmative act requirement, the intent element applies to the entire offense's commission. See Rosemond, 572 U.S. at 76 (stating that the "intent must go to the specific and entire crime charged"). Therefore, while Jaycee Doak might need to have affirmatively acted only to transport the minors, she must have done so with "the criminal intent that the undertaking be successfully completed." Aplesa, 690 F. App'x at 634 (quoting United States v. Jaramillo, 42 F.3d 920, 923 (5th Cir. 1995)).

Mere knowledge of Mack Doak's intent and acting in some manner to advance the charged crime does not make Jaycee Doak guilty of aiding and abetting the charged crime. Aiding and abetting requires not only knowledge of the principal's objective (i.e., Mack's intent to sexually abuse the minors), but also a desire to help him obtain the criminal object. Nye & Nissen v. United States, 336 U.S. 613, 619 (1949) (quoting United States v. Peoni, 100 F.2d 401, 402 (2d Cir. 1938) (L. Hand, J.)) ("In order to aid and abet another to commit a crime it is necessary that a

---

[3] "Brenda," and, later, "Natalie" are pseudonyms used to protect their identities.

defendant 'in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed.'"); see also Jaramillo, 42 F.3d at 923, abrogated by United States v. Vargas-Ocampo, 747 F.3d 299 (5th Cir. 2014) ("To associate with the criminal venture means that the defendant shared in the criminal intent of the principal."); U.S. v. Broadwell, 870 F.2d 594, 608 (11th Cir. 1989) ("Under an aiding and abetting theory, the government must prove that the defendant in some way associated himself with the criminal venture, that he wished to bring it about, and that he sought by his actions to make it succeed."); United States v. Fischel, 686 F.2d 1082, 1087 (5th Cir. 1982) ("[T]he defendant must share in the intent to commit the offense . . . ."); United States v. Martinez, 555 F.2d 1269, 1272 (5th Cir. 1977) ("In order to sustain a conviction for aiding and abetting, the evidence must show that defendant was associated with the criminal venture, participated in it as in something he wished to bring about, and sought by his action to make it succeed. … Defendant must have shared the criminal intent or purpose and assisted in the accomplishment of that purpose.");[4] Russell v. United States, 222 F.2d 197, 199 (5th Cir. 1955) ("There must exist a community of unlawful intent between the accessory and the perpetrator of the crime.").

What this means is Jaycee Doak must have aided in her husband's transportation of the minors with the *shared* intent that he would sexually abuse them. And while Jaycee Doak need not have happily joined Mack Doak's intent,[5] Rosemond, 572 U.S. at 79–80 ("The law does not, nor should it, care whether [an aider and abettor] participates with a happy heart or a sense of

---

[4] Decisions the former Fifth Circuit decided before October 1, 1981 are binding on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[5] Indeed there was evidence that, on previous occasions when Mack Doak's sexual activities with other minors came to light, Jaycee Doak was upset by the news.

foreboding."), she still must have aided the transportation with the shared intent that the minors would be sexually abused. Moreover, "for purposes of aiding and abetting law, a person who actively participates in a criminal scheme knowing its extent and character intends that scheme's commission." Rosemond, 572 U.S at 77. It is not sufficient that she actively participated in aiding her husband's transportation of the minors just knowing (and not caring) that sexual abuse was likely to happen again. Aid rendered that is incidental, no matter how substantial in furthering the crime, is not sufficient alone to show intent. In Rosemond, the Supreme Court gave an example of incidental aid that was insufficient to show a shared intent: "A hypothetical case is the owner of a gun store who sells a firearm to a criminal, knowing but not caring how the gun will be used." Rosemond, 572 U.S. at 77 n.8. In the hypothetical the individual both had knowledge and a lack of concern of how the gun would be used, but without more,[6] this would not constitute active participation making the individual guilty of aiding and abetting.

The Court recognizes "[e]vidence supporting a defendant's conviction under an aiding and abetting theory may be direct or circumstantial[,]" United States v. Sosa, 777 F.3d 1279, 1293 (11th Cir. 2015), and that "[a] defendant's intent is often difficult to prove and often must be inferred from circumstantial evidence." United States v. Manoocher Nosrati-Shamloo, 255 F.3d 1290, 1292 (11th Cir. 2001) (citing United States v. Ethridge, 948 F.2d 1215, 1217 (11th Cir. 1991); Hill v. Kemp, 833 F.2d 927, 930 (11th Cir. 1987)).

---

[6] The Supreme Court provided no guidance as to what additional evidence would be required to establish liability as an aider and abettor: "We express no view about what sort of facts, if any, would suffice to show that such a third party has the intent necessary to be convicted of aiding and abetting." Rosemond, 572 U.S. at 77 n.8.

The Government proceeds under the theory that Jaycee Doak's "intent to aid in th[e] scheme's commission is borne out by her actions." (Doc. 184 at 12)7. Specifically, it argues that she knew when the family moved, Mack Doak would continue to sexually abuse the minors; that she knew he had a history of sexually abusing teenage girls; and that she nevertheless threatened the victims and physically abused them "so as to keep the abuse secret." (Doc. 184 at 12).

The evidence presented in this case established Jaycee Doak knew of Mack Doak's sexual abuse. Brenda and the other victims testified that they told Jaycee Doak about the sexual abuse. Additional testimony established that Jaycee Doak had discovered a pair of Brenda's "wet undies" in 2013 and discussed her suspicions about Mack Doak's sexual contact with Brenda with her sister-in-law. The Government also offered evidence—from adult witnesses who were minors at the time of the incidents—that Mack Doak sexually assaulted them. This testimony was introduced from a witness who rode Mack Doak's bus when she was a teenager and also from Jaycee Doak's sister, "Natalie." Their testimony established Jaycee Doak's knowledge of Mack Doak's proclivity to sexually abuse young women and bolstered the veracity of the testimony of the minors in this case. Moreover, "Brenda" testified that on one occasion Jaycee Doak walked in on Mack Doak and "Brenda" when Mack's and Brenda's pants were removed.

The Court agrees that the evidence was sufficient for a reasonable jury to find that Jaycee Doak was aware of Mack Doak's prior sexual abuse of minors. Also, the evidence in the light most favorable to the Government indicates that Jaycee Doak aided in the concealment of Mack Doak's

---

[7] The Government initially argued that the "transportation is the crux of the offense," (Doc. 184 at 9), and that the analysis should be whether Jaycee Doak "intended the transportation of the minors, not whether she facilitated and intended the sexual abuse." (Id.). The Government is mistaken. The mens rea of this crime—under the facts in this case—is the intent to sexually abuse the minors. It is this mens rea that Jaycee Doak must share in order to be guilty of aiding and abetting.

abuse by abusing the minors when they tried to tell her of the abuse and denying the obvious. Jaycee Doak's calloused response to the minors' reports of abuse fostered an environment for Mack Doak to continue abusing the minors.

But the remaining question is whether there was sufficient evidence to support the Government's burden to show that Jaycee Doak shared in Mack Doak's criminal intent, i.e., that one of the purposes of the interstate and international transportation of the minors was to facilitate criminal sexual activity between himself and the minors.

The facts of the cases initially relied on by the Government to support Jaycee Doak's conviction markedly differ from these facts because those involve scenarios in which there was evidence that the aider and abettor shared in the criminal intent. For instance, in Bonty, a case involving § 2423(a), the aider and abettor "accompanied [the principal] to the mall, participated in the cruising and pot smoking [with the victims], threatened the [victims] to get them to remain in the house, turned up the stereo to cover the sounds of the assault, and celebrated with [the principal] after the fact." United States v. Bonty, 383 F.3d 575, 579 (7th Cir. 2004). In Black v. Perry, No. 5:14CV92-RLV, 2015 WL 3822902 (W.D.N.C. June 19, 2015), a habeas case that did not concern § 2423(a), the aiding and abetting "[d]efendant shaved [the victim]'s pubic hair until sometime after she turned 14 years old. … Additionally, [the d]efendant gave [the victim] a purple vibrator to use to masturbate . . . ." Id. at *1. In both cases, evidence showed that the aider and abettor shared the criminal intent of sexually abusing the minor(s).

However, in the Government's supplemental response, the Government puts forth a more convincing argument. The Government points out that the jury could have reasonably determined from the evidence that Jaycee Doak continued to assist Mack in transporting the children and covering up his sexual assaults whereas to "preserve her social status, her family image and the

financial benefits that she received on account of the adopted minor victims." (Doc. 211, p. 18). Moreover, a jury could reasonably have concluded that Jaycee knew Mack's intent, and actively participated in the scheme by covering up his behavior. Accordingly, because "a person who actively participates in a criminal scheme knowing its extent and character intends that scheme's commission" Rosemond at 77, the evidence is sufficient to sustain the jury's determination.

### III. CONCLUSION

Jaycee Doak's motions for judgment of acquittal and a new trial are **DENIED**.

**DONE** the 28th day of October 2019.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**