IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | )   Criminal Action No. 18-00242-KD-B |
| | ) |
| MACK DOAK and JAYCEE DOAK, | ) |
|     Defendants. | ) |

## ORDER

This action is before the Court on remand from the Court of Appeals for the Eleventh Circuit (doc. 306, 307 (Mandate)). The Doaks' convictions and sentences were affirmed except for part of the restitution. The Doaks were ordered to "pay . . . $75,000.00 in restitution to Jaycee's sister Natalie to cover the costs that she had accrued during 18 months of caring for the children" (doc. 306, p. 11). During that time, Natalie had custody of six Doak children plus her two children for a total of eight children. Three of the Doak children were the victims of Mack and Jaycee Doak.

The Eleventh Circuit found that $75,000.00 as living expenses was not a reasonable estimate (doc. 306, p. 33-34), explaining as follows:

> Natalie estimated that she spent between $3000 and $4000 each month on living expenses—but admitted that the amount is what she paid for all eight children in her care. The district court did not account for that fact and ordered the Doaks to pay Natalie over $4000 per month. Even though we do not impose a rigid formula for calculating restitution, the government must provide "reliable and specific evidence." [<u>United States v. Sheffield</u>, 939 F.3d 1274, 1278 (11th Cir. 2019)] (quotation omitted). And here the specific evidence shows that the district court's calculation was too high. It was clear error to order the Doaks to pay more than what Natalie admitted was an overestimate of the living expenses.

(Doc. 306, p. 34). The Eleventh Circuit vacated this part of the restitution order and remanded "for proceedings consistent with this opinion." (Id., p. 35).

The Court ordered the parties to file supplemental briefs on the question of whether recalculation of the restitution required a hearing (doc. 308). In response, the United States asserts that the Court may make the appropriate calculation on written briefs without a hearing

but would not oppose a hearing (doc. 309).  The United States argues that "the manner in which a district court calculates a restitution award is within the court's discretion, provided that the defendant is given 'an adequate opportunity to present his position.'" (doc. 309, p. 2, citation omitted).  The United States posits that $56,250.00 is an appropriate recalculation based on the reliable evidence in the record.  The United States reasons that the six Doak children accounted for seventy-five (75%) percent of the children in the custodian's home (six of eight) and then determined that 75% of $75,000.00 is $56,250.00.

Defendant Mack Doak argues that only three of the six Doak children in the custodian's care were victims as defined in the relevant statutes (doc. 310).  He asserts that the three victims represent thirty-seven and one/half (37.5 %) percent of the living expenses, $75,000.00; thus, the proper restitution amount should be $28,125.00 (Id., p. 4). He does not object to a recalculation of restitution without a hearing or without requiring his presence at a hearing (Id., p. 6).  However, he states that if he objects to the recalculation, he may move for an evidentiary hearing (Id., p. 5).

Defendant Jaycee Doak agrees that a hearing is not necessary (doc. 311). She argues that $20,250.00 is an appropriate and adequate amount of restitution to the custodian.  Relying upon the custodian's testimony at the sentencing hearing that she spent $3,000.00 to $4,000.00 per month on eight children, Jaycee Doak divides $3,000.00 by eight children which yields $375.00 per month per child.  She then multiplies $375.00 by the three victims, which yields $1,125.00 per month, and multiplying $1,125.00 by eighteen months yields $20,250.00 as an appropriate restitution.  By footnote, she provides the calculation based on $4,000.00 per month which yields $27,000.00 as an appropriate restitution.

Upon consideration of the Eleventh Circuit's instructions on remand, the supplemental briefs filed by the parties, and review of the record, the Court finds by a preponderance of the evidence that $27,000.00 is an appropriate amount of restitution. The custodian's testimony regarding the estimated total monthly expenses - $3,000.00 to $4,000.00 per month - is reliable evidence which supports the recalculation.  Dividing $4,000.00, the custodian's highest

estimated monthly expense for all eight children, by eight yields $500.00 per month per child. Multiplying $500.00 times three minor victims yields $1,500.00 per month. Multiplying $1,500.00 by eighteen months yields $27,000.00.

    Accordingly, the section of the judgments applicable to Supervised Release shall be amended to reflect this recalculation of restitution. Specifically, the restitution as to Counts Seven, Eight and Nine shall be amended to $27,000.00 and the total amount of restitution shall be amended to $177,000.00.

    **DONE** and **ORDERED** this 27th day of October 2022.

                                          **s / Kristi K. DuBose**
                                          **KRISTI K. DuBOSE**
                                          **UNITED STATES DISTRICT JUDGE**