IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 18-00242-KD-B |
| | ) |
| JAYCEE DOAK, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Jaycee Doak's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and supporting documents (doc. 320). Upon consideration, and for the reasons set forth herein, the Motion is DENIED.[1]

I. Background

Doak and her husband Mack Doak were indicted in a nine-count superseding indictment (doc. 52). Jaycee and Mack were charged with six counts of knowingly transporting an individual under the age of 18 in interstate and foreign commerce with the intent that the

---

[1] Doak's request for appointment of counsel (doc. 320-3, p. 2) is DENIED. Doak does not have a constitutional or statutory right to appointment of counsel for motions filed under 18 U.S.C. § 3582(c). Additionally, she has shown the ability to effectively set forth the facts and legal argument necessary to support the motion, and the issues raised therein are not so complex as to require appointment of counsel. See United States v. Mars, 2022 WL 1124804, at *2 (11th Cir. Apr. 15, 2022) (explaining that "equitable concerns, such as the complexity of the issues involved on appeal, may 'make the appointment of counsel appropriate to ensure a just outcome' in § 3582(c)(2) proceedings.") (quoting United States v. Webb, 565 F.3d 789, 794-95 (11th Cir. 2009); United States v. Rolon, No. 22-10970, 2022 WL 16959204, at *1 (11th Cir. Nov. 16, 2022) (unreported opinion) (footnote omitted) ("The only basis for appointment of counsel that Rolon asserted in his motion was his pro se status and that he was 'not versed in the complexities of the law,' but pro se status alone and lack of legal knowledge does not establish that appointment of counsel is necessary. Rather, appointment of counsel in this context is 'a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues so novel or complex as to require the assistance of a trained practitioner.'") (citation omitted).

individual engage in sexual activity (doc. 52). Mack was charged with three counts of crossing state lines with the intent to engage in a sexual act with a person who has not attained the age of 12 years (Id.). The jury found the Doaks guilty of these offenses. Jaycee was sentenced to a total term of 120 months as to each of the six counts, to serve concurrently (doc. 249). Her convictions were affirmed on appeal (doc. 306). She is now 45 years old and incarcerated at FCI Aliceville at Aliceville, Alabama. Her release date is October 10, 2027.

II. Statutory Prerequisites

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . " 18 U.S.C. § 3582(c)(1)(A). First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239. Doak made a request to the warden on December 27, 2022. Her request was denied on February 1, 2023 (doc. 320-2). Doak filed her motion on March 27, 2023.[2] (doc. 320). Thus, more than 30 days had lapsed since the warden received her request.

III. Compassionate release

"A district court has no inherent authority to modify a defendant's sentence and may do so 'only when authorized by a statute or rule.'" United States v. Gray, No. 22-11963, 2023 WL

---

[2] Burke v. United States, 762 Fed. Appx. 808, 809–10 (11th Cir. 2019) ("Under the prison mailbox rule, an inmate's pro se § 2255 motion is deemed filed on the date it was delivered to prison authorities for mailing. Absent evidence to the contrary, we presume that a movant delivered his motion to prison authorities on the date he signed it. The government bears the burden of proving that the motion was delivered to prison authorities on a different date.") (citing Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014)).

1836789, at *2 (11th Cir. Feb. 9, 2023) (quoting United States v. Puentes, 803 F.3d 597, 605–606 (11th Cir. 2015)).  Title 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, provides that upon motion of the defendant or the Director of the Bureau of Prisons, the Court may reduce a sentence if there are extraordinary and compelling reasons which warrant a reduction, certain procedural requirements are met, the relevant factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction in sentence, and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Court of Appeals for the Eleventh Circuit has held that U.S.S.G. "§ 1B1.13 is an applicable policy statement that governs all motions under Section 3582(a)(1)(A)." United States v. Bryant, 996 F. 3d 1243, 1262 (11th Cir. 2021).  The Policy Statement provides that upon motion under 18 U.S.C. § 3582(c)(1)(A)(i), the Court may reduce a term of imprisonment if it determines that the relevant factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction, there are extraordinary and compelling reasons which warrant a reduction, the defendant is not a danger to the safety of any other person or the community as provided in 18 U.S.C. § 3142(g), and the "reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.  However, the district courts need not analyze the above requirements in any specific order. See United States v. Tinker, 14 F. 4th 1234, 1237-1238 (11th Cir. 2021) (per curiam).  Importantly, should the movant fail to make a showing on any one requirement, that failure "would foreclose a sentence reduction." Id. at 1238.

Doak argues that extraordinary and compelling reasons for a reduction to time served exist because she is the only family member available to care for her mother and father.  Doak states that her mother is 69 years old and has stage four metastatic breast cancer. She also states that her father, who is caring for her mother, is 75 years old, disabled, and needs assistance with

activities of daily living. Doak states that she has three siblings who cannot care for their parents because of their own family obligations.[3] Therefore, Doak asserts that she is "the only who can provide the care" for her parents (doc. 320-3). As to her release plan, Doak plans to live with her parents and her 17-year-old son and will work cleaning vegetables.[4]

A reduction of sentence for this reason would not be consistent with the Policy Statement. Note 1(C)(i) in the Policy Statement states that certain family circumstance may provide extraordinary and compelling reasons for compassionate release. Specifically, the "death or incapacitation of the caregiver of the defendant's minor child or minor children" or the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. n.1(C)(i). But the Policy Statement does not include the illness or disability of the defendant's parents. Thus, Doak has failed to show an extraordinary and compelling reason for a reduction of sentence that is consistent with the applicable Policy Statement.

Additionally, the Court has considered the "nature and circumstances" of Doak's offenses and her "history and characteristics". 18 U.S.C. § 3553(a)(1). To release Doak after serving

---

[3] Doak provides letters from her father and mother stating they need Doak to care for them because their other children cannot (doc. 320-2, p. 3-4); letters from her brothers, sister, and brother-in-law stating that they cannot care for their parents because of their own family obligations and their parents are in desperate need of care (Id., p. 5-8); and letters from her daughter stating that she cannot care for her grandparents because of her family obligations (Id., p. 9). Doak's daughter also states that Doak's minor son needs his mother. She states that the grandparents were his primary caregivers, but now he "has been shuffled between multiple family members" in "multiple states" and "has no stability" (Id.). She also states that Doak is "very loving, kind, and patient. She loves her family. She will be able to care for her family. She is dependable." (Id.).

[4] Doak provides a letter wherein her future employer states that Doak's hours will be flexible so that she may care for her parents (doc. 320-2, p. 10).

approximately half of her sentence would not comply with the purpose of 18 U.S.C. § 3553(a)(2). Specifically, the "need for the sentence imposed ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; ... to afford adequate deterrence to criminal conduct; [and] ... to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2).

Doak must also show that she is not a danger to the safety of any other person or the community as provided in 18 U.S.C. § 3142(g).  In that regard, Doak reports that she has completed many personal improvement programs while in prison, her "pattern score is a minimum risk level", and she has not received any disciplinary reports (doc. 320-3, p. 1).  She also reports that she has no charges pending.[5] (Id.). However, in view of the nature and circumstances of her offenses, and the weight of the evidence against her, she has failed to show that she is not a danger to the safety of any other person or the community.

Since the Court finds that Doak failed to show an extraordinary and compelling reason for a reduction of sentence that is consistent with the Policy Statement, that the factors in 18 U.S.C. § 3553(a) do not weigh in favor of a reduction of sentence, and that Doak is a danger to the safety of other persons or the community as provided in 18 U.S.C. § 3142(g), her motion is DENIED.

**DONE** and **ORDERED** this 5th day September 2023.

> s / Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**

---

[5] After Doak was sentenced by this Court, the District Attorney for Monroe County, Alabama moved to dismiss the state charges of Rape 1st Degree and the motion was granted.  See State of Alabama v. Doak, Circuit Criminal Action No. 2018-000036.00 (doc. 35) (doc. 37). https://v2.alacourt.com/  The records are unclear as to the status of three state district court actions for sexual abuse 1st degree and three state district court actions for rape 1st degree.