IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 18-00242-KD-B |
| | ) |
| JAYCEE DOAK, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the "Motion to Compel Defense Counsel to Surrender Case File" filed by Defendant Jaycee Doak (doc. 318), defense counsel's response (doc. 322), and Doak's reply (doc. 323). Upon consideration, and for the reasons set forth herein, the motion is GRANTED in part.

Doak moves the Court to order her defense counsel, Joe Jordan, to send to Doak as "legal mail", "[a]ll discovery materials, all court filings, motions, responses, and orders, all other notes [including counsel's notes], letters, AUSA correspondence, pleas, emails, witness statement and any other tangible thing associated with this case" retained in her client file (doc. 318, p. 1). As grounds, Doak argues that these documents are necessary for preparation of a motion to vacate pursuant to 28 U.S.C. § 2255, wherein she intends to allege ineffective assistance of counsel (Id., p. 1-2, doc. 323). Doak argues that the documents are her "property" and seeks the "entire case file" from Jordan at his expense (doc. 323, p. 2).

Jordan responds that Doak could obtain copies of court filings from her appellate attorney,[1] that he will redact discovery upon court order because the discovery contains information regarding the three minor victims, and that he will provide emails and miscellaneous

---

[1] In her reply, Doak states she has a copy of the trial transcripts (doc. 323, p. 2).

dockets but not his notes (doc. 322). Jordan also responds that he plans to send the three boxes of documents to a copy service and asks how he should be paid for the copying costs and postage for mailing to Doak (Id.).

Defense counsel is obligated to provide Doak one copy of her file at defense counsel's expense. See Alabama State Bar Ethics Opinion 2010-2. Retention, Storage, Ownership, Production and Destruction of Client Files ("A lawyer may not charge the client for the cost of providing an initial copy of the file to the client.") (Id., p. 18).[2] However, Section 230.63.70 of the Guide to Judiciary Policy, Vol. 7 Defender Services, Part A, Ch. 2 provides that the costs of copies are a reimbursable expense for attorneys appointed pursuant to the Criminal Justice Act.[3] Therefore, defense counsel may submit a supplemental voucher for reimbursement of the out-of-pocket expenses for the costs of copies of Doak's file.[4]

With respect to counsel's notes, Ethics Opinion 2010-02 explains as follows:

> The Disciplinary Commission agrees with the majority of jurisdictions that the "entire file" approach is the best approach. The lawyer is in possession of the file,

---

[2] Attorneys who practice in this Court are expected to adhere to the Alabama Rules of Professional Conduct. S.D. Ala. General L.R. 83.3 Admission to Practice, Subparagraph (i) ("Standards for Professional Conduct; Obligations. Attorneys appearing before this Court shall adhere to this Court's Local Rules, the Alabama Rules of Professional Conduct, and the Alabama Standards for Imposing Lawyer Discipline."). Rule 1.16 of the Alabama Rules of Professional Conduct states that "(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as . . . surrendering papers and property to which the client is entitled.]"). Rule 1.15 explains the lawyer's responsibility as to the property of the client, i.e., the client's file. Ethics Opinion 2010-2 further explains that "[t]he issue relating to whom the file belongs was decided in Formal Opinion 1986-02 wherein we held that the materials in the file furnished by or for the client are the property of the client" and that Rule 1.15 "imposes an ethical and fiduciary duty on the lawyer to ... promptly produce it upon request by the client." Id., p. 3.

[3] The Criminal Justice Act does not reimburse for secretarial services in connection with the copying because that falls within the category of general office overhead.

[4] See § 230.63.10. "Overview. Out-of-pocket expenses reasonably incurred may be claimed on the voucher, and must be itemized and reasonably documented."

2

> knows its contents, and is best able to determine the appropriateness of redaction or removal of some of its contents. In those situations where the lawyer determines that production of the entire file is unreasonable or inappropriate, the lawyer must provide reasonable notice to the client that portions of the file have been redacted or items removed for good cause.

Ethics Opinion 2010-02, p. 8.

However, Doak is responsible for picking up the copy at defense counsel's office. Id., p. 19 ("As a general rule, the client is responsible to make arrangements to pick up a copy of his file at the lawyer's place of business."). If Doak cannot, she is responsible for all costs for mailing or shipping the file. Id. Defense counsel may retain the copy until Doak has pre-paid the costs of mailing or shipping. Id. If Doak chooses to send an agent to pick up the copies, then defense counsel "should insist on written authorization" from Doak, which would authorize him to give the file to the agent and should warn Doak that producing the file to a third-party agent "may defeat confidentiality and attorney-client privilege." Id.

Accordingly, defense counsel shall provide Doak one copy of her file with redaction of information about the three minor victims. <u>Defense counsel need not make the file copy, until Doak has prepaid the costs for mailing or shipping or arranged for an agent to pick up the copy at defense counsel's office.</u>  **To facilitate prepayment, defense counsel shall advise Doak, on or before October 13, 2023, as to the anticipated costs of shipping or mailing.**

Doak has asked her defense counsel to provide a copy of "all court filings, motions, responses, and orders", i.e., documents that can be found on the Court's docket. If defense counsel did not retain a copy of these documents as part of Doak's file, she may request a copy <u>after</u> she has filed a motion pursuant to 28 U.S.C. § 2255 and upon a showing that the documents are necessary to the resolution of her motion and that she is indigent.  A prisoner who has been granted *in forma pauperis* status in order to proceed on an application for writ of habeas corpus

or motion to vacate, may obtain a copy of the court records without cost. 28 U.S.C. § 2250; see also 28 U.S.C. § 753(f) (addressing availability of transcripts).  However, the Court of Appeals for the Eleventh Circuit has explained that "[w]hen a prisoner has not filed a motion to vacate his sentence, . . .  the 'prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is an indigent.'" United States v. Warmus, 151 Fed. Appx. 783, 787 (11th Cir. 2005), citing United States v. Herrera, 474 F.2d 1049, 1049 (5th Cir. 1973)[5] and Skinner v. United States, 434 F.2d 1036, 1037 (5th Cir. 1970); See Hansen v. United States, 956 F.2d 245, 247-248 (11th Cir. 1992) ("We agree with the Seventh Circuit that prisoners have a right of access to the court files of their underlying criminal proceeding. We do not agree, however, that this right extends to access to the records for the purpose of *preparing* a collateral attack on a conviction. We hold that a request by a prisoner for access to the court files of his underlying criminal conviction is premature prior to the filing of a collateral attack on that conviction; a prisoner is entitled to access to the court files only after he has made a showing that such files are necessary to the resolution of an issue or issues he has presented in a non-frivolous pending collateral proceeding.") (italics in original) (footnote omitted).

      **DONE** and **ORDERED** this 2nd day of October 2023.


                                               /s / Kristi K. DuBose
                                               **KRISTI K. DuBOSE**
                                               **UNITED STATES DISTRICT JUDGE**

---

[5]  Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981, are binding precedent on the Eleventh Circuit. Bonner v. City of Prichard, Alabama, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).