# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **vs.** | ) **Criminal Action No. 18-00242-KD-B** |
| | ) |
| **JAYCEE DOAK,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This action is before the Court on Defendant Jaycee Doak's letter to the Court (doc.333). The Court construes[1] the letter as a motion for reconsideration of the Order entered October 2, 2023, wherein the Court granted in part Doak's request for her client file (doc. 328). The Court ordered defense counsel to provide a copy of the client file and explained that Doak was responsible for the costs of shipping or postage, or to have someone pick up the file for her.

As to reconsideration, Doak states as follows:

1) The Bureau of Prisons' policy regarding receipt of mail weighing more than one pound is that it must be sent from an attorney.

2) Her family cannot pick up her file because they do not live in the area.

3) She is entitled to her case file because it was created during representation.

4) Defense counsel "has a duty not to obstruct" her "attempts to challenge" her conviction, but instead has a duty to cooperate with her challenge, which includes providing her case file.

5) She cannot find any law stating she must pay for her case file.

---

[1] Daniele v. United States, 740 Fed. Appx. 973, 977 (11th Cir. 2018) ("… we have held that pro se 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'") (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

6) Defense counsel has not notified her, as ordered, to provide her the costs of postage.

7) Defense counsel should provide her "the files. Mail them to FCI Aliceville, redact any victim information … stamped legal mail" so that she may proceed with her motion pursuant to 28 U.S.C. § 2255.

In conclusion, Doak states that she needs the documents in her case file to file a "meritorious 2255 motion" (doc. 333, p. 3).

Doak has filed a Notice of Appeal of the decision (doc. 330), but did not specify the grounds for appeal. Thus, the Court surmises that the issues on appeal would be the same as those identified in the construed motion for reconsideration, including the Court's decision that Doak is responsible for paying the costs of shipping or postage. Therefore, this Court has lost jurisdiction to address Doak's issues with the prior Order. United States v. Diveroli, 729 F.3d 1339, 1341 (11th Cir. 2013) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal.") (citations omitted).[2]

However, the Court previously ordered defense counsel Joe Carl Jordan to advise Doak, on or before October 13, 2023, as to the anticipated costs of shipping or postage. Doak indicates that defense counsel did not comply with the Order. Thus, defense counsel is **ORDERED** to respond, on or before **November 8, 2023**, and either provide proof that Doak was notified as to the costs or show cause why she was not.

**DONE** and **ORDERED** this 1st day of November 2023.

/s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[2] An exception exists if a defendant files a motion under Federal Rule of Criminal Procedure 35(a) to correct a sentence that resulted from "arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). However, Rule 35(a) does not apply in this circumstance.