IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal Action No. 18-00242-KD-B |
| ) | |
| JAYCEE DOAK, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This action is before the Court on Defendant Jaycee Doak's Second Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and supporting documents (doc. 341). Upon consideration, and for the reasons set forth herein, the Motion is DISMISSED for failure to comply with the statutory prerequisites, or in the alternative DENIED.[1]

I. Background

Doak and her husband Mack Doak were indicted in a nine-count superseding indictment (doc. 52). Jaycee and Mack were charged with six counts of knowingly transporting an individual under the age of 18 in interstate and foreign commerce with the intent that the

---

[1] Doak's request for appointment of counsel is DENIED. Doak does not have a constitutional or statutory right to appointment of counsel for motions filed under 18 U.S.C. § 3582(c). Also, she has shown the ability to effectively set forth the facts and legal argument necessary to support the motion, and the issues raised therein are not so complex as to require appointment of counsel. See United States v. Mars, 2022 WL 1124804, at *2 (11th Cir. Apr. 15, 2022) (explaining that "equitable concerns, such as the complexity of the issues involved on appeal, may 'make the appointment of counsel appropriate to ensure a just outcome' in § 3582(c)(2) proceedings.") (quoting United States v. Webb, 565 F.3d 789, 794-95 (11th Cir. 2009); United States v. Rolon, No. 22-10970, 2022 WL 16959204, at *1 (11th Cir. Nov. 16, 2022) (unreported opinion) (footnote omitted) ("The only basis for appointment of counsel that Rolon asserted in his motion was his pro se status and that he was 'not versed in the complexities of the law,' but pro se status alone and lack of legal knowledge does not establish that appointment of counsel is necessary. Rather, appointment of counsel in this context is 'a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues so novel or complex as to require the assistance of a trained practitioner.'") (citation omitted).

individual engage in sexual activity (doc. 52).  Mack was charged with three counts of crossing state lines with the intent to engage in a sexual act with a person who has not attained the age of 12 years (Id.).  The jury found the Doaks guilty of these offenses.  Jaycee was sentenced to a total term of 120 months as to each of the six counts, to serve concurrently (doc. 249).  Her convictions were affirmed on appeal (doc. 306).  She is now 46 years old and incarcerated at FCI Aliceville at Aliceville, Alabama. Her release date is October 10, 2027.

II. Statutory Prerequisites

Doak states that she did not ask the Warden to file a motion on her behalf because the Policy Statement, U.S.S.G. § 1B1.13, no longer requires her to do so (doc. 341, p. 3).  Instead, Doak believes that she can file "directly with the District Court." (Id.). She is mistaken.  The Policy Statement states as follows: "Upon motion of the Director of the Bureau of Prisons *or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A),* the court may reduce a term of imprisonment …" (emphasis added).  Thus, Doak must act pursuant to the statute. In relevant part, the statute provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . " 18 U.S.C. § 3582(c)(1)(A). First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.  Accordingly, Doak's Motion is dismissed for failure to meet either of the statutory prerequisites.

III. Compassionate release

Alternatively, even if Doak had met the statutory requirement, her motion would be denied.  Recently, Doak raised the same argument - that her elderly and ill parents need help, and she is the only child available to care for them – in a motion for compassionate release. The

Court denied her motion on basis that care for elderly and ill parents was not an extraordinary and compelling reason for early release set forth in the Policy Statement. U.S.S.G. § 1B1.13. Since the reasons were not consistent with the Policy Statement, her motion was denied.

On November 1, 2023, the amendments to the Policy Statement became effective. Among the new circumstances that are extraordinary and compelling reasons for compassionate release, the Policy Statement includes the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. 1B1.13(b)(3)(C) ("Family Circumstances of the Defendant").

However, even if Doak were the only child available to care for her parents, [2] and thus, establish an extraordinary and compelling reason consistent with the new Policy Statement, as previously explained, the "nature and circumstances" of Doak's offenses and her "history and characteristics" do not weigh in favor of compassionate release. 18 U.S.C. § 3553(a)(1).[3] Again, to release Doak after serving approximately half of her sentence would not comply with the purpose of 18 U.S.C. § 3553(a)(2). Specifically, the "need for the sentence imposed ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; ... to afford adequate deterrence to criminal conduct; [and] ... to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2).

---

[2] Previously, Doak provided letters from her father and mother stating they needed Doak to care for them because their other children cannot (doc. 320-2, p. 3-4); letters from her brothers, sister, and brother-in-law stating that they cannot care for their parents because of their own family obligations (Id., p. 5-8); and letters from her daughter stating that she cannot care for her grandparents because of her family obligations (Id., p. 9).

[3] The Court must consider the relevant factors in 18 U.S.C. § 3553(a), when deciding whether compassionate release or a reduction of sentence is appropriate. 18 U.S.C.A. § 3582(c)(1)(A).

Also, the Court finds no reason to change its prior opinion that in view of the nature and circumstances of her offenses, and the weight of the evidence against her, Doak could not show that she is not a danger to the safety of any other person, or the community as provided in 18 U.S.C. § 3142(g).[4]

**DONE** and **ORDERED** this 28th day November 2023.

                                                **s / Kristi K. DuBose**
                                                **KRISTI K. DuBOSE**
                                                **UNITED STATES DISTRICT JUDGE**

---

[4] According to the Policy Statement, the Court must also consider whether the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13.